Victor H. Lindsey, Lubbock, J. L. Bagwell, Amarillo, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

The count of the indictment to which appellant pleaded guilty charged robbery and contained the allegation that the $3,-000.00 alleged to have been taken from one J. O. Hutto was taken "with the intent to deprive the said J. O. Hutto of the same, and to appropriate said property to his own use and benefit."

The identical question raised in the case of Moore v. State, Tex.Crim., 230 S.W.2d 217, is the sole question raised by said appellant here.

The jury assessed appellant's punishment at eight years confinement in the penitentiary, but the judgment fails to conform to such verdict.

The judgment is reformed so as to adjudge the punishment at eight years in the penitentiary.

As so reformed, the judgment is affirmed.

Opinion approved by the Court.

## POWELL v. STATE.
No. 24891.

Court of Criminal Appeals of Texas.
May 24, 1950.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant entered a plea of guilty to the offense of burglary and was assessed a penalty of confinement in the state penitentiary for a period of eight years.

The record is before us without a statement of facts or bills of exception.

We note that the court, in sentencing the defendant, failed to make application of the indeterminate sentence law. Vernon's Ann.C.C.P. art. 775. Therefore, the sentence will be reformed so as to direct that the defendant shall be confined in the state penitentiary for a term of not less than two nor more than eight years.

As so reformed, the judgment of the trial court will be affirmed.